# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| Dathan A. Griffin, MBA, <br><br> Petitioner, <br><br> vs. <br><br> Epic Games, Inc., et al., a Maryland corporation, <br><br> Respondent. | Case No. <br><br> State Court Case No. 2021CA005256 <br> Orange County Circuit Court |

## NOTICE OF REMOVAL OF CIVIL ACTION

**PLEASE TAKE NOTICE** that Respondent, Epic Games, Inc. ("Epic Games"), by and through its counsel, hereby files this notice of removal in the above- captioned action, currently pending in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida as Case No. 2021CA005256 (the "State Court Action"). This removal is made pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. For the reasons set forth below, this Court has subject matter jurisdiction.

**I.    BACKGROUND**

1.        On or about April 30, 2021, Epic Games received by U.S. Mail a Summons and Complaint.[1] Pursuant to 28 U.S.C. § 1446(a), attached as **Exhibit**

---

[1] Epic Games determined that the State Court Action was not filed until May 24, 2021.

1

**A** are true and correct copies of Petitioner's draft Summons and Complaint and the draft Certificate of Service which constitutes all of the process, pleadings, and orders received by Epic Games in this action to date. To the best of Epic Games' knowledge, no other papers have been filed in the State Court Action.

2. The Complaint asserts causes of action for violations of the North Carolina Unfair and Deceptive Trade Practices Act, N.C.G.S. § 75.1-1 and the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.204. *(See* Compl. at 4-5.)

3. Nothing in this Notice of Removal shall constitute a waiver of Epic Games' right to assert any defense, including motions pursuant to Federal Rule of Civil Procedure 12, as the case progresses. Moreover, by demonstrating that the amount in controversy requirement is satisfied, Epic Games does not concede that the jurisdictional amount is recoverable. In fact, Epic Games denies that any amount is recoverable by Petitioner.

**II.   VENUE**

1. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the location where the State Court Action is pending.

### III. THE COURT HAS DIVERSITY JURISDICTION

1. This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars($75,000.00), exclusive of interest and costs.

2. Petitioner is a citizen of the State of Florida and resides in Orlando, Orange County, Florida. *(See* Compl. at 13.)

3. Epic Games is a Maryland corporation headquartered in Cary, North Carolina. *See* Declaration of Tim Jones. Epic Games has no business premises in Florida. *See id.* Accordingly, Petitioner and Epic Games are completely diverse for purposes of 28 U.S.C. § 1332(c)(l).

4. Petitioner's Complaint alleges that his compensatory damages exceed $250,000, and he seeks $25 million in punitive damages. (Compl. at 7.) Thus, the action meets the amount-in-controversy requirement for diversity actions pursuant to 28 U.S.C. § 1332(a).

5. For the foregoing reasons, the Complaint is removable under 28 U.S.C. §§ 1332(a)(l), 1441 and 1446.

### IV. NOTICE

1. As required by 28 U.S.C. § 1446(d), a copy of this notice of removal

is being served upon Petitioner and a copy is being filed with the Clerk of the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.

## V. TIMELINESS OF REMOVAL

1. This Notice of Removal is timely under 28 U.S.C. § 1446(b)(l) as it is filed before Petitioner's service of the Complaint upon Epic Games.

WHEREFORE, Respondent Epic Games respectfully requests this Court to assume full jurisdiction over the cause herein, as provided by law, and to issue all necessary orders and process.

Dated June 2, 2021.

Respectfully submitted,

By: */s/* Karl E. Pearson, Esq.
Karl E. Pearson, Esquire
Florida Bar No. 438669
PEARSON DOYLE MOHRE & PASTIS LLP
485 N. Keller Rd., Suite 401
Maitland, Florida 32751
Telephone: (407) 647-0090
Facsimile: (407) 647-0092
Email: kpearson@pdmplaw.com
vskinner@pdmplaw.com (Secondary)

Jeffrey S. Jacobson (*Pro Hac Vice pending*)
Faegre Drinker Biddle & Reath LLP
600 Campus Dr.
Florham Park, New Jersey 07932
Email: Jeffrey.Jacobson@faegredrinker.com
*Attorneys for Respondent, Epic Games, Inc.*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **June 2, 2021,** I electronically filed the foregoing and its attachments with the Clerk of the Court by using the CM/ECF system and sent the foregoing and its attachments to Dathan A. Griffin, MBA, 8549 Shady Glen Dr., Orlando, Florida 32819 via Federal Express.

>By: */s/* Karl E. Pearson, Esq.
>Karl E. Pearson, Esquire
>Florida Bar No. 438669
>PEARSON DOYLE MOHRE & PASTIS LLP
>485 N. Keller Rd., Suite 401
>Maitland, Florida 32751
>Telephone: (407) 647-0090
>Facsimile: (407) 647-0092
>Email: kpearson@pdmplaw.com
>vskinner@pdmplaw.com (Secondary)
>
>Jeffrey S. Jacobson (*Pro Hac Vice pending)*
>Faegre Drinker Biddle & Reath LLP
>600 Campus Dr.
>Florham Park, New Jersey 07932
>Email: Jeffrey.Jacobson@faegredrinker.com
>*Attorneys for Respondent, Epic Games, Inc.*