# EXHIBIT "A"

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT, IN AND FOR
ORANGE COUNTY, FLORIDA

Case No.: _____

Division: _____

Dathan A. Griffin, MBA._____,
                Petitioner,

and

EPIC GAMES, INC., et al., a Maryland corporation,
                Respondent.

# SUMMONS: PERSONAL SERVICE ON AN INDIVIDUAL
# ORDEN DE COMPARECENCIA: SERVICIO PERSONAL EN UN
# INDIVIDUO CITATION: L'ASSIGNATION PERSONAL SUR UN INDIVIDUEL

TO/PARA/A: **Epic Games, Inc., et al. 620 Crossroads Blvd. Cary, NC 27518-0003**.

# IMPORTANT

A lawsuit has been filed against you. You have **20 calendar days** after this summons is served on you to file a written response to the attached complaint/petition with the clerk of this circuit court, located at: **425 N. Orange Ave., Orlando, FL. 32801**. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be **filed** if you want the Court to hear your side of the case.

**If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court.** There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also serve a copy of your written response on the party serving this summons at:

***Dathan A. Griffin, MBA.***

***8548 Shady Glen Dr.***

***Orlando, FL. 32819***

If the party serving summons has designated email address(es) for service or is represented by an attorney, you may designate email address(es) for service by or on you. Service must be in accordance with Florida Rule of Judicial Administration 2.516.

Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office. You may review these documents, upon request.

You must keep the Clerk of the Circuit Court's office notified of your current address. (You may file Designation of Current Mailing and Email Address, Florida Supreme Court Approved Family Law Form 12.915.) Future papers in this lawsuit will be mailed to the address on record at the clerk's office.

WARNING: Rule 12.285, Florida Family Law Rules of Procedure, requires certain automatic disclosure of documents and information. Failure to comply can result in sanctions, including dismissal or striking of pleadings.

# IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Localizado en: **425 N. Orange Ave., Orlando, FL. 32801**. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, usted puede consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo.

Si usted elige presentar personalmente una respuesta por escrito, en el mismo momento que usted presente su respuesta por escrito al Tribunal, usted debe enviar por correo o llevar una copia de su respuesta por escrito a la parte entregando esta orden de comparencencia a:

Nombre y direccion de la parte que entrega la orden de comparencencia:

*Dathan A. Griffin, MBA.*

*8548 Shady Glen Dr.*

*Orlando, FL. 32819*

Copias de todos los documentos judiciales de este caso, incluyendo las ordenes, estan disponibles en la oficina del Secretario de Juzgado del Circuito [Clerk of the Circuit Court's office]. Estos documentos pueden ser revisados a su solicitud.

Usted debe de manener informada a la oficina del Secretario de Juzgado del Circuito de su direccion actual. (Usted puede presentar _____ el Formulario: Ley de Familia de la Florida 12.915, Florida Supreme Court Approved Family Law Form 12.915, [Designation of Current Mailing and Email Address].) Los

papelos que se presenten en el futuro en esta demanda judicial seran env ados por correo a la direccion que este registrada en la oficina del Secretario.

ADVERTENCIA: Regla 12.285 (Rule 12.285), de las Reglas de Procedimiento de Ley de Familia de la Florida [Florida Family Law Rules of Procedure], requiere cierta revelacion automatica de documentos e informacion. El incumplimient, puede resultar en sanciones, incluyendo la desestimacion o anulacion de los alegatos.

# IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Qui se trouve a: **425 N. Orange Ave., Orlando, FL. 32801**. Un simple coup de telephone est insuffisant pour vous proteger; vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite a la partie qui vous depose cette citation.

Nom et adresse de la partie qui depose cette citation:

*Dathan A. Griffin, MBA.*

*8548 Shady Glen Dr.*

*Orlando, FL. 32819*

**Les photocopies de tous les documents tribunals de cette cause, y compris des arrets, sont disponible au bureau du greffier. Vous pouvez revue ces documents, sur demande.**

**Il faut aviser le greffier de votre adresse actuelle. (Vous pouvez deposer Florida Supreme Court Approved Family Law Form 12.915, Designation of Current Mailing and Email Address.) Les documents de l'avenir de ce proces seront envoyer a l'adresse que vous donnez au bureau du greffier.**

**ATTENTION: La regle 12.285, des regles de procedure du droit de la famille de la Floride exige que l'on remette certains renseignements et certains documents a la partie adverse. Tout refus de les fournir pourra donner lieu a des sanctions, y compris le rejet ou la suppression d'un ou de plusieurs actes de procedure.**

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE: You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named person.

Florida Family Law Rules of Procedure Form 12.910(a), Summons: Personal Service on an Individual (03/17)

DATED: _____

                                CLERK OF THE CIRCUIT COURT (SEAL)

                                By: _____
                                   Deputy Clerk

Dathan A. Griffin, MBA.

v

EPIC GAMES, INC., et al., a Maryland corporation

## Contents

Statement of Complaint ............................................................................................................. 2

Liability ......................................................................................................................................... 5

Relief Sought ............................................................................................................................... 6

    *Compensatory Damages* .......................................................................................................... 7

    *Punitive Damages* ................................................................................................................... 7

    *Injunctive Damages* ................................................................................................................ 8

    *Declaratory Damages* ........................................................................................................... 11

Oath ........................................................................................................................................... 12

Certificate of Service ................................................................................................................. 13

# IN THE NINTH JUDICIAL CIRCUIT COURT, IN AND FOR ORANGE COUNTY, FLORIDA

Dathan A. Griffin, MBA.,

Plaintiff

v.

EPIC GAMES, INC., et al., a Maryland corporation,

Respondent.

DIVISION:

CASE NUMBER:

## Jurisdiction and Venue

This court has jurisdiction over the parties and this action pursuant to Florida Statutes 48.193(1)(a) & 501.171(1)(a).

## Statement of Complaint

Epic Games, Inc. (hereinafter Epic Games or Epic Games, Inc.) is the developer of Fortnite, a popular, online videogame with over 350 million active accounts. Plaintiff was required to create an account in order to play online – this entails providing personally identifiable information (PII), as well as financial information intended for in-game purchases, and a better gaming experience through customizations.

On March 8th, 2021 – the Plaintiff, via Twitter, made Epic Games and PlayerAuctions (a company that buys and sells online gaming profiles, including Fortnite profiles – despite Epic Games, Inc. prohibiting the sale of Fortnite accounts) aware of fraudulent activity by tagging them both in a public Tweet (Twitter communication) that

Page 2 of 13

had taken place, as the Plaintiff incurred a $239 charge from PlayerAuctions with the credit card information procured from the Plaintiff's Epic Games' account.

On Tuesday, April 13th, 2021, the Plaintiff initiated an online conversation with Epic Games' support via the contact information provided on the Epic Games' website in regards to Plaintiff's account being hijacked by an unauthorized user. The Plaintiff is the original, authorized user of the account using the email address WinkingGentlemen@Gmail.com, and has used the online gamertag of **BROWNLLAMMA** for over a decade; with **TWGS-BROWNLAMMA** (TWGS is an acronym for The Winking Gentlemen's Society, an e-sports group) as the tag used only for the PC version of Fortnite.

The Plaintiff's account was secured with a strong password – consisting of uppercased and lowercased letters, numbers, and a special character – accepted and recommended by Epic Games, in addition to the two-factor authentication (2FA) security feature. Neither proved worthwhile as security measures against a data breach of Epic Games, as the unauthorized individual who stole the account from the Plaintiff was able to circumvent Epic Games' two-factor authentication (2FA) feature, and commandeer the Plaintiff's Fortnite account and its associated game data, along with PII and financial information.

Despite taking the security measures suggested by Epic Games, the Plaintiff's information was compromised – credit and debit card information was stolen, as well as the Plaintiff's identifiable information and Fortnite player account. Purchases the Plaintiff made in the Epic Games' store were no longer associated with the Plaintiff's email – which establishes him as the original, authorized user – and despite proof of purchases

from Plaintiff's PlayStation console – which were considered sufficient per the Epic Games' guidelines – Plaintiff was told the information provided was insufficient to prove he was the original, authorized user of the account in a subsequent response; with added disregard for the Plaintiff's challenge of the breached account.

Via an email communication, Epic Games presented the Plaintiff with a recovery guideline for which the stipulations were changed in a subsequent response; statement **requirement #7 of Epic Game's recovery requirements** specifically states one must provide the "**oldest available receipt**" as a condition to prove one is the original, authorized user of the account. After providing a screenshot of the oldest, available receipt (dated June 26th, 2020 – via Playstation™ Purchase history), the Plaintiff was told by Boomkin Raz – and later, Wolf Raven & Star Gazer – acting in a fiduciary capacity on behalf of Epic Games, Inc., that the information was now insufficient; as it was not "**the oldest one on the account**" – referring to the receipts provided by the Plaintiff – and that the Plaintiff must now provide "a screenshot of the receipt from the very first purchase that took place on this account...." - which would be under the Plaintiff's inaccessible Epic Games' account.

In doing so, the agents acting on behalf of Epic Games, Inc., violated **N.C.G.S. § 75-1.1 with regards to 'unfair or deceptive acts or practices in or affecting commerce'** – further demonstrating Epic Games' failure to adhere to the statutes in the state, North Carolina, wherein the company's headquarters is based. In Florida, this is a violation of **Florida Statute 501.204(1).**

In response to start the recovery of the stolen, personal information; the aggrieved plaintiff has replaced a debit card and a credit card that was previously stored in an Epic Games' account, changed email passwords, and requested a deletion of the Epic Games account, as there is no longer confidence in Epic Games' ability to properly secure sensitive, consumer data.

Additionally, the Plaintiff alleges that Epic Games, Inc., violated *Florida Statute 501.204(1): Unlawful acts and practices (Title XXXIII REGULATION OF TRADE, COMMERCE, INVESTMENTS, AND SOLICITATIONS: CONSUMER PROTECTION)*.

## Liability

Epic Games' gross negligence to fully disclose and mitigate the previously exposed cyber vulnerability, and Epic Games' refusal to address the Plaintiff's concerns presented to them regarding these exact circumstances resulted in the plaintiff becoming a victim of identity theft. Damages suffered included fraudulent charges on a credit and a debit card, a compromised email account, and losing purchases made inside Fortnite's in-game shop, including the cost of each season's Battle Pass since Chapter 1 - Season 7 (December 2018). Additionally, the mental anguish accompanied by Epic Games' negligence entails removing and replacing payment methods on several other accounts, and extending contact to Capital One Bank US and Fairwinds Credit Union.

Epic Games' terms of service promised to safeguard consumers' personal data from unauthorized access. In 2018, Epic Games incurred a breach, which they did not attempt to rectify until the following year. With nearly **350 million users**, Epic Games,

Inc. is in a position to demonstrate integrity and best practices – with respect to large volumes of sensitive, user data – but lacks the initiative to weigh in favor of integrity over profitability.

In ***Krohm v. Epic Games*** *(2019)*, it was noted that around November 2018, **Check Point**, a cyber security firm, "alerted Epic Games to a vulnerability in Fortnite's system which allowed unauthorized parties to access and extract PII [personally identifiable information], payment information, and other sensitive data associated with Fortnite players' accounts." *See ERIC KROHM, individually, and on behalf of others similarly situated, Plaintiff, v. EPIC GAMES, INC., Defendant. 5:19-CV-173-BO, p.20-30, 34.*

August 27th, 2020, **Vinny Troia**, a data breach expert with **Night Lion Security**, has reported that stolen Fortnite accounts can sell for thousands of dollars – making this a known and ongoing issue, for which the Epic Games is fully aware, but does not consider a priority.

Epic Games owes its users and stakeholders of both compromised and non-compromised accounts a level of confidence and security that is to be assumed when providing personally identifiable and financial information for online services consumed.

## Relief Sought

A stronger verification process must exist to ensure accounts being transferred are done so in good faith - by mutually agreeing parties, and that users are not victims of fraudulent activity and monetary losses due to negligence at the fault of Epic Games, Inc., et al.

### Compensatory Damages

- Plaintiff has incurred financial losses, due to all of his Epic Games' account purchases being transferred to a malicious, unauthorized account, and emotional strain due to having to cancel credit/debit cards for simply trusting Epic Games with personally indefinable and financial information. The Plaintiff is an avid gamer, who, currently, has no desire to partake in video games, due to the mental anguish of this ordeal caused by Epic Games, Inc.
- $239.99 in fraudulent charges (w/ recurring charges still active).
- 359.00 in fraudulent charges.
- 399.00 in fraudulent charges.
- $239.99 in fraudulent charges.
- $279.78 for the cost of Battle Passes since Season 7, in addition to purchases made in the in-game store for V-Bucks.
- $708.64 for computer equipment purchased to meet the minimum requirements to play Fortnite on a PC.
- $250,000.00 for negligent infliction of emotional distress.
- Total compensatory damages are $252,226.40.

### Punitive Damages

- Damages sought are $25 million in punitive damages.

- Punitive damages are sought, because all efforts from consumers in the past to notify Epic Games of this exact problem have been ineffective. Furthermore, the

accounts to different email accounts (new, authorized users), and afford the transferor the reasonable opportunity to remove his/her financial information and personally identifiable information from the account prior to the account being transferred. At the bare minimum, accounts being transferred to other email addresses should have their financial and identifiable information removed, and that information needs to be re-entered by the new account holder or verified email address.

Epic Games should exercise the practice of indemnity; whereby challenged accounts are restored to their previous state prior to opposition of the account's new user (all account information restored, email association restored, and any transactions carried out on the account between the time of loss and the time of discovery, reversed), and a thorough investigation carried out thereafter.

Furthermore, Epic Games ought to be compelled to establish protocols safeguarding consumer privacy in a manner, wherein if someone is challenging the activity of another account, that account should be placed in suspension until a reasonable investigation has been carried out to determine the rightful original, authorized user of the account via means of verification by all interested parties. Arbitration between conflicting parties, and suspension of questionable accounts needs to become a part of Epic Games' protocols of resolution.

dispositions of such complaints have been handled in a manner that affects consumers adversely, and have displayed negligence, malicious and egregious disregard for consumer safety. Punishment is warranted and is, apparently, the only way to compel Epic Games to protect consumer privacy.

- Epic Games must be held accountable for the negligent handling of both personally identifying information and personal financial information due to data breaches, and must not be allowed to continue on this course of consumer abuse. The security measures are stringent after the fact – which is unacceptable – and must be modified to prevent the reoccurrence of compromised accounts.

<u>Injunctive Damages</u>

- The Plaintiff is seeking an injunction by way of a court order compelling Epic Games to take effective measures to protect consumer privacy and data.

- On Tuesday, April 13th, 2021 via email communications with Boomkin Raz, Wolf Raven & Star Gazer, agents acting on behalf of Epic Games, Inc. the Plaintiff was given deceitful and misleading information in clear contradiction of previous guidelines furnished by the agents of Epic Games, Inc.

- This injunction should include, but is not limited to:

    The information requested to recover an account, should be the same information requested to transfer an account. This would ensure the original, authorized user has been verified and is willingly and knowingly transferring their

Additionally, Epic Games must assess the integrity of its two-factor authentication (2FA), as it has proved ineffective in multiple instances. Furthermore, a new 2FA code should be generated per login attempt; as of current, the same verification code is sent within a period of attempts before it is changed to a different code. This allows cyber attackers more time to execute brute force attempts without worry that the verification code will have changed during their attempt to access another person's account.

Finally, the account should be locked when multiple attempts to circumvent Epic Games' two-factor authentication (2FA) have failed, and the original, authorized user must be notified and verified to regain access to the account – no transactions or changes should be honored until Epic Games has confirmed the changes have been authorized by the original, authorized user.

The Plaintiff initiated in the ordinary course of business with Epic Games, and is owed the due diligence of having his data – and the data of other consumers – protected while utilizing Epic Games' online services, and strict precautions need to be in place to better detect and deter fraudulent activity. Epic Games, Inc. is a $29 billion-dollar company; and has the resources available to design, fund, outsource and/or implement a more robust security protocol to protect Epic Games' consumers' private data. Therefore, the instant injunctive relief is sought.

<u>Declaratory Damages</u>

- Declaratory damages in the amount of $1 to establish that the standing herein prevails on the merits.

**The Plaintiff hereby demands a jury trial.**

# Oath

I HEREBY CERTIFY that, under penalty of perjury, the foregoing is true and correct.

_____    4/21/21
Dathan A. Griffin, MBA.                              Date

[Notary Seal: Notary Public State of Florida, Nancy P Spencer, My Commission GG 242628, Expires 07/29/2022]

_____
Notary

# Certificate of Service

I, Dathan A. Griffin, do hereby certify that copies of this complaint have been furnished by U.S. Mail (USPS) to Epic Games, Inc. via certified mail.

They were addressed as follows:

| Epic Games | Epic Games, Inc. |
|---|---|
| c/o Legal Department | 620 Crossroads Blvd. |
| Epic Games, Inc. | Cary, NC 27518-0003 |
| 620 Crossroads Blvd. | Telephone: (919) 854-0070 |
| Cary, NC 27518-0003 | |
| Telephone: (919) 854-0070 | |

Dated: 4/21/21

Plaintiff

Name:    Dathan A. Griffin, MBA.
Address: 8548 Shady Glen Dr.
         Orlando, FL. 32819